## Murphy, et al. v. Murphy.

(Decided December 19, 1913).

### Appeal from McCracken Circuit Court.

Wills—Construction.—Where a testator devised all of his property both real and personal belonging to him or that may belong to him at his death to his wife, his intention was to give it all to her without limitation or restriction, and the separate clause appointing her "executor" as long as she remained his widow had no reference to the property, or of giving her a life estate in it.

WM. MARBLE for appellants.

E. H. PURYEAR for appellee.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

The only question for our consideration on this appeal is to determine the interest of Nannie H. Murphy under the will of her husband, Z. T. Murphy. The will of Z. T. Murphy reads as follows:

"I, Z. T. Murphy, being of sound mind and realizing the certainty of death do will and bequeath to Nannie H. Murphy (my wife) all of my property, both real and personal, belonging to me or that may belong to me at my death. I also appoint my wife, Nannie H. Murphy, my executor without bond as long as she remains a widow. This being my last will and testament.

"This June 18, 1903.                              his

                                            "E. T. x MURPHY."
                                                 mark

It is clear that he gave to his wife, Nannie H. Murphy, all of his property, both real and personal that belonged to him at his death without any restrictions or limitations whatever. It appears that some question arose as to her ability to make a good title to the land from the following clause of the will:

"I also appoint my wife, Nannie H. Murphy, my executor without bond as long as she remains a widow."

From this it is contended that she only received a life estate in the property, and that at her death the property should go to the childern of Z. T. Murphy. The testator does not say anything about, or even intimate how his property should go by this clause, but he only says that his wife should not be required to give bond until she again married, and this was unnecessary, for the reason that she could not act as executrix in case she married again.

It is evident that the writer of the will was illiterate as is evidenced by this clause, and the testator was illiterate as shown by the making of a mark to his signature. He at no place in his will states to whom his property should go in case his wife married again, or at her death. It is impossible to construe the language of the will to give her a life estate, with remainder to his children. It is certain from the will that Z. T. Murphy had great confidence in his wife, and that she would be fair and just to the children, and that he was willing to give all of his property to her, believing that she would deal fairly with the children. In 80 Ky., 91., the court said:

"To properly construe a will is to ascertain the intention of the testator, either from its express words, or the necessary inference resulting from their use."

The intention of the testator in the case at bar was to give to his widow all of his property owned by him at the time of his death without any limitations or restrictions whatever. If he had intended to give to her only a life estate, he would have said so. That part of the will saying that she should act as executor without bond until she married had no reference to the property, or of giving her a life estate in it. It is clear that she took the fee in the estate left by him.

The judgment is affirmed.